The granting or refusing the writ was more or less discretionary, and we think the discretion should have been exercised by ordering an alternative, rather than a peremptory, writ to issue, so that this issue of fact could be settled before the peremptory writ was issued. The court should not criticise too closely the affidavits presented by the appellant in opposition to the application. In People v. Board of Police, 107 N. Y. 243, 13 N. E. 920, Judge Peckham said:

"It may be, perhaps, admitted that, in strictness, there is no proper denial in the return of the board; but  *  *  *  we think it is conclusively shown that there is a serious question of fact, having a substantial basis, to be decided, before the relators shall be entitled to the writ asked for [a peremptory one]. While not deciding what would be the rule in cases of strictly private rights, we think that in cases such as this, where the question is who are the real representatives of this constituency, the court will not be driven into issuing a peremptory writ, to guide the conduct of public officers charged with this public duty, upon any narrow construction of a return to its alternative writ, where from all the papers it is seen that there is a substantial issue of fact, and of a material nature, which should be decided in the way pointed out by law before the issuing of such writ. In such cases it is a wise and proper exercise of discretion to refuse the application."

The principle here laid down is reasonable, and should be applied to the case before us.

The views hereinbefore expressed lead us to conclude that the order appealed from should be reversed, with $10 costs and disbursements, and an order made directing the issue of an alternative writ of mandamus. All concur.

---

(77 App. Div. 517.)

PEOPLE v. MANHATTAN FIRE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. December 9, 1902.)

1. FIRE INSURANCE COMPANIES—RECEIVER—ACCOUNTING.

Acts 1883, c. 378, relative to receivers of insurance companies, as amended by Laws 1885, c. 40, provided for a semiannual statement showing the account of a receiver in detail, to be filed with the superintendent of insurance and with the attorney general, and to be presented to the special term of the supreme court. Laws 1902, c. 60, relative to receivers of insurance companies, provides that the receiver is not required or authorized to file any account except as therein provided, except by special order of the court; and no account is provided for, except a final account, or one specially directed by the court. Held, that the accounting of a receiver of a fire insurance company in the hands of a receiver at the time of the passage of the act of 1902 was subject thereto.

2. SAME—COUNSEL FEES.

Acts 1883, c. 378, relative to receivers of insurance companies, as amended by Laws 1885, c. 40, provided that it should be unlawful for any receiver to pay to any attorney or counsel any costs, fees, or allowances until the amounts thereof should have been stated to the special term as expenses incurred, and should have been approved by that court by an order of the court. Laws 1902, c. 60, provides that in cases of an insurance company the receiver may employ one counsel, and make such payment on account for legal services during the progress of the receivership as may be just and proper, on the written approval of the attorney general, subject, however, to investigation, allowance, or disallowance by the court on final settlement. Held, that the latter act could not affect contracts with counsel made before its passage.

Appeal from special term.

Proceedings by the people against the Manhattan Fire Insurance Company of the City of New York. From an order refusing to confirm the report of a referee appointed to state the account of the receiver of defendant, the receiver appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

G. D. B. Hasbrouck and Russel S. Johnson, for appellant.
John C. Davies, Atty. Gen., for the People.

PER CURIAM. We think the matter of accounting by receivers of corporations formed for banking or insurance is governed by the provisions of chapter 60 of the Laws of 1902, which went into effect February 26, 1902. As a question of procedure, it is wholly within the control of the legislature. The act referred to is not prospective only, but in plain terms is made to apply to all receivers of this class of corporations theretofore appointed:

"Sec. 9. This act shall apply to all actions for the appointment of receivers of monied corporations brought by the attorney-general, and to all receivers of such corporations heretofore or hereafter appointed, and to the settlement and adjustment of their accounts and distribution of assets in their hands. and all proceedings with reference thereto hereafter to be taken, and shall supersede and repeal all provisions of law inconsistent herewith."

While the provisions of this law cannot affect the contract of employment of counsel made by the receiver before its passage, or payments made to counsel before its passage, it changes the old practice of partial settlements by a receiver, and the annual or semiannual accounting under special term orders which prevailed under the act of 1883 (chapter 378). People v. Insurance Co., 31 Hun, 622; In re Commonwealth Fire Ins. Co., 32 Hun, 78. The act of 1883, as amended by chapter 40 of the Laws of 1885, provided for a semiannual statement, showing the account of the receiver in detail to be filed, in cases of insurance companies, with the superintendent of insurance, with the attorney general, and to be presented to the special term of the supreme court, "and it shall be unlawful for any receiver of the character specified in this section to pay to any attorney or counsel any costs, fees or allowances until the amounts thereof shall have been stated to the special term in this manner, as expenses incurred, and shall have been approved by that court by an order of the court duly entered." Under the law of 1902 (chapter 60, § 6) it is provided, "The receiver is not required or authorized to file any account except as herein provided, except by special order of the court," and no accounting is provided for except a final account, or one specially directed by the court. It will also be observed that under the act of 1902 (chapter 60, § 4) the receiver may employ one counsel and make such payment on account for legal services during the progress of the receivership as may be just and proper, on the written approval of the attorney general, subject, however, to investigation, allowance, or disallowance by the court on final settlement, when all parties interested can be heard. There seems to be no serious difficulty in this change as applied to unsettled matters,—matters not disposed of under the old.

practice when the law of 1902 went into effect. It is a change of practice only, and interferes with no vested right. The receiver was required, under the old law, to obtain an order of court before he paid counsel. The payment may be made now subject to approval of the court on final settlement. The law of 1902, we think, is controlling in the case before us, and the special term order appointing a referee to state and pass upon the receiver's accounts, which order was made after the act of 1902 went into effect, was unauthorized, and the order refusing to confirm the report of the referee was proper.

Order affirmed, without costs.